## Walker v. Reichert et al.

(Decided June 6, 1934.)

JOSEPH J. HANCOCK and MICHAEL M. HELLMANN for appellant.

LAWRENCE F. SPECKMAN, JOSEPH B. EVERHART, and THOMAS S. DAWSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Clifford F. Reichert was an architect in the city of Louisville. On August 20, 1930, he died leaving a will by which he devised and bequeathed all of his property equally to his mother, Marie Reichert, his wife, Mary C. Reichert, and his daughter, Marie Jean Reichert, and appointed his mother and wife executrices of his estate. Claiming that, after the death of Clifford F. Reichert, his widow Mary C. Reichert, individually, and as agent for Marie Reichert and Marie Jean Reichert, employed him to conduct the office from the 1st day of November, 1930, until May 1, 1931, under a contract by which he was to receive $40 a week and other compensation for work done after regular hours, and that, in violation of

the contract, he was discharged on December 27, 1930, James L. Walker, Jr., brought this action against Mary C. Reichert, Marie Reichert, and Marie Jean Reichert, to recover the sum of $1,271.36. At the conclusion of plaintiff's evidence, the court directed a verdict in favor of the defendants. Plaintiff appeals.

The ground on which the peremptory instruction was given was that the petition alleged a contract with certain defendants as individuals, and the evidence showed that the contract was with one of the individuals in a fiduciary capacity. In the circumstances it will not be necessary to detail the evidence concerning the terms of the contract, services performed, amount of compensation earned after appellant's discharge, and his efforts to obtain other employment. All we need consider is the evidence as to the party with whom the contract was made. After stating that the contract was made with Mrs. Reichert, the widow of Clifford Reichert, appellant testified as follows:

"124. [The Court] With whom did you make your contract after the death of Mr. Reichert? A. With Mrs. Reichert, the widow of Mr. Reichert.

"125. In what name was the contract made——who were the parties to the contract? A. Herself and myself; she was the executrix, as I understand.

"126. The what? A. She was the executrix of the estate, as I understand.

"127. You made it with her as an executor? A. That was my understanding, yes, sir. * * *

"130. Did she make any statement as to the capacity in which she was making this contract with you? A. Not particularly, no.

"131. [The Court] She did not, or did? A. She did not.

"132. What did you mean when you said you made it with her as executrix? A. That was my understanding.

"133. You thought you were making it with the executrix? A. I assumed that, yes, sir, I took it for granted."

In deciding the question, no better test can be ap-

plied than to assume for the purpose of argument that the contract was one which Mary C. Reichert as executrix had the power to make, and then determine whether the evidence was sufficient to show a contract with her as executrix. The case is one where Mary C. Reichert was interested both as devisee and as one of the executrices. The contract was made with her. She made no statement as to the capacity in which she acted. All that we have is that it is appellant's understanding, and that he assumed and took it for granted that he made the contract with her as executrix. In our opinion this was not sufficient to charge her as executrix, and for the same reason was not sufficient to show that she did not act in her individual capacity. We are therefore constrained to hold that the evidence that the contract was made with Mary C. Reichert was sufficient to make out a case against her individually, although appellant understood or assumed or took it for granted that she was acting as executrix in making the contract.

With respect to Marie Reichert and the infant Marie Jean Reichert, a different situation is presented. The case pleaded was that Mary C. Reichert, acting on her own behalf, and as agent of Marie Reichert and Marie Jean Reichert, made the contract. There was no evidence that she was authorized to act, or did act, as agent of Marie Reichert, and of course she had no authority to bind her infant daughter, Marie Jean Reichert.

It follows that the peremptory was proper as to Marie Reichert and Marie Jean Reichert, but that the case should have gone to the jury as to Mary C. Reichert.

Judgment affirmed as to Marie Reichert and Marie Jean Reichert, and reversed as to Mary C. Reichert and cause remanded for a new trial not inconsistent with this opinion.